UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA COOPER,

    Plaintiff,

v.                         Case No. 8:22-cv-1331-KKM-AAS

JIMMY PATRONIS AND
MICHAEL WARNER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendants, Jimmy Patronis, in his official capacity as Chief Financial Officer of the State of Florida, and Michael Warner (collectively, the defendants) moves for an award of taxable costs in the amount of $1,174.88. (Doc. 39). Plaintiff Donna Cooper has no objection to the defendants' request. (Doc. 43).

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding

1

costs, courts are limited to those listed in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). It is within the court's discretion to deny a full award of costs if the court has, and states, a sound reason. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Having obtained judgment in their favor (docs. 37, 38), the defendants are the prevailing party and entitled to taxable costs. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)"). The defendants request recovery court reporter fees. (Doc. 39, p. 4).

Section 1920(2) awards costs for fees paid to a "court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." This includes costs of deposition transcripts that are "reasonably necessary." *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000). Awarding costs for depositions of witnesses on the losing party's list is reasonable and expected. *Id.* at 621. Costs for obtaining a copy of a transcript of a deposition taken by the losing party are also taxable. *See Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1572 (N.D. Ga. 1992).

For Ms. Cooper's deposition on March 22, 2023, the defendants incurred the court reporter's appearance fee and cost for the deposition transcript, totaling $1,174.88. The defendants are entitled to recovery of these costs.

A prevailing party is also entitled to interest on the award of costs from the judgment entry date under 28 U.S.C. §1961. The defendants also request interest accruing from the date of judgment on October 17, 2023.

Accordingly, it is **RECOMMENDED** that the defendants' motion to tax costs be **GRANTED**. The defendants should receive an award of **$1,174.88** in taxable costs, and interest accruing from the date of the judgment.

**ENTERED** in Tampa, Florida on November 22, 2023.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.